```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RALPH COMPAGNONE,                              :
                                               :
                    Plaintiff,                 :         18-CV-6227 (ALC) (OTW)
                                               :
         -against-                             :         ORDER
                                               :
MJ LICENSING CO., et al.,                      :
                                               :
                    Defendants.                :
                                               :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act and New York State Labor Law related to his employment by Defendants from 2012 – 2018. (ECF 1). The Court assumes familiarity with the facts as recounted in the Honorable Andrew L. Carter's Opinion and Order on Defendants' motion to dismiss. (ECF 25 at 1-3). Before the Court is Defendants' renewed motion to compel Plaintiff's production of his tax returns for the years 2012-2018. (ECF 41). The Court previously denied production of the tax returns, instead ordering Plaintiff to produce his 1099s and W-2s for the relevant period. (ECF 39). For the reasons below, the Court **GRANTS** Defendant's motion.

**I.      Discussion**

"In order for a court to compel discovery of income tax returns, a two-pronged test must be met; first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Rosas v. Alice's Tea Cup, LLC*, 127 F.Supp.3d 4, 11 (S.D.N.Y. 2015) (internal citations and quotations omitted).

First, the Court finds the tax returns to be relevant. Plaintiff's agreement with Defendants required him to "provide his full time and best efforts to [Defendants]" and he claims he put aside a previous business in order to do so. (ECF 1 ¶ 20-21). He further claims he worked, at times, in excess of seventy-five hours per week, was never paid any wages, and to the extent any income was derived from his employment by Defendants, it amounted to less than $1,000. (*Id*. ¶ 22, 27, 29). Defendants maintain that Plaintiff was not an employee and that he continuously operated his own business during the relevant time period. Plaintiff does not dispute the relevance of his sources of income during the time period at issue. Accordingly, the Court finds that the tax returns are relevant to determine Plaintiff's sources of income.

Second, Plaintiff has not demonstrated that there are reliable alternative sources for this information. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-cv-9792 (WHP) (JCF), 2015 WL 7871037, at *5 (S.D.N.Y. Dec. 3, 2015). The Court previously denied Defendant's motion to compel tax returns, instead directing the production of Plaintiff's W-2s and 1099s as a less intrusive means to obtain Plaintiff's income information. (ECF 39). Defendants report that those documents have not been produced. (ECF 41). Plaintiff does not dispute this.

During an email exchange between counsel for the parties, in response to the Court's order, Plaintiff's counsel stated that "Ralph Compagnone has no w-2's [sic] or 1099-misc forms reflecting income to him personally for the years 2012-2018." (*Id*. at 8). When defense counsel asked for clarification, Plaintiff's counsel stated "[m]y client has no earned income during the relevant time period." (*Id*. at 7). When Defense counsel responded that he knew, for example, Plaintiff was paid sales commissions by MHW, a distribution arm of Defendant, Plaintiff's counsel replied, "it is my understanding that the monies paid to Plaintiff by MHW were below

the threshold for the issuance of a 1099." (*Id*. at 11).

Again, Plaintiff does not dispute that the documents were not provided, and now states that he "understood the request to be . . . for income earned outside of the Defendants or issues in this lawsuit." (ECF 42). This was not the Court's order. In his letter response to the renewed motion, defense counsel then proceeded to outline the income earned by Plaintiff for each of the years from 2012 to 2018. (*Id*.) Three of those years are for amounts that are above the threshold for the issuance of 1099s, which is not consistent with Plaintiff's prior email representation, and thus, at a minimum, those documents should have been produced.

Plaintiff further argues that the information being sought can still be readily obtained during Plaintiff's deposition. (ECF 42). If the tax returns show other sources of income, however, Defendants should be permitted to question Plaintiff on these sources, and would therefore require their production before a deposition. Thus, the Court finds that there is a compelling need for the tax returns, and that the foregoing events indicate that they are the most reliable source of Plaintiff's income information for the relevant time period.

## II.  Conclusion

The Court **GRANTS** Defendant's request for Plaintiff's tax returns for the period of 2012 to 2018. To the extent that Plaintiff does not have possession, custody, or control of the returns, he must provide Defendants with signed authorizations so they may seek them from the IRS. Any concerns that exist regarding the private nature of the information contained in the tax returns can be addressed by making the tax returns subject to a protective order. If

Parties cannot agree on a protective order, the standard form on the SDNY website will govern.

Parties must submit their next joint status letter by **January 14, 2020**.

**SO ORDERED.**

Dated: December 12, 2019
      New York, New York

        *s/ Ona T. Wang*
        **Ona T. Wang**
        United States Magistrate Judge