JACK S. DWECK*
H.P. SEAN DWECK**

CHRISTOPHER S. FRASER***

ERIC J. SCHMERTZ
   1925-2010
   .
 * ADMITTED TO N.Y. CONN. AND FLA. BARS
** ADMITTED TO N.Y, N.J. AND PA. BARS
*** ADMITTED TO N.Y. AND N.J. BARS

THE DWECK LAW FIRM, LLP

10 ROCKEFELLER PLAZA

NEW YORK, N.Y. 10020

TELEPHONE:  (212) 687-8200
FACSIMILE:   (212) 697-2521

WWW.DWECKLAW.COM

WESTCHESTER OFFICE
901 NORTH BROADWAY
NORTH WHITE PLAINS, N.Y.  10603

NOT FOR SERVICE OF PAPERS

CONNECTICUT OFFICE
GRAVEL ISLAND ROAD
NEW CANAAN, CT 06840

(203) 972-3000

NOT FOR SERVICE OF PAPERS

January 18, 2021

*Via ECF*
Hon. Ona Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

**MEMO ENDORSED**

Re:  **Ralph Compagnone v.  MJ Licensing Company 18 cv. 06227 (ALC)(OTW)**

Honorable Magistrate Judge Wang:

I represent the Plaintiff in the above referenced action.

I write in accordance with your individual practices I submit this letter motion to compel Defendants to produce certain items of discovery which has been demanded but not produced.  I have conferred with counsel for Defendants regarding the discovery sought herein but have been unable to convince counsel to provide what has been demanded.

The 4 items sought are as follows:

1. Loan agreements relating to loans made to Defendants.
2. Relevant emails from personal email addresses of Gianni Russo, Jeffrey Dash ("Dash"), Margaretha Rady ("Rady") or any other email addresses used by MJ Licensing Company ("MJ").
3. Financial statements/general ledgers for MJ 2014-2017. If these are unavailable, then bank statements for all accounts of MJ for 2014-2017.
4. Complete copies of MJ Tax Returns for 2014-2017.

During the deposition of Dash he testified that various loans were made to MJ or repaid by MJ.[1]  Plaintiff has evidence that these loans, were, in part, not actually for MJ but for other

---

[1] Not surprisingly, during the deposition of Rady she testified on numerous occasions that she had no knowledge of the finances and directed all of my inquires to Dash.  That said, during the deposition of Dash, which occurred after

1

entities unrelated to MJ but were paid back by MJ from MJ accounts.  This demonstrates that there were funds that may have been comingled between MJ and other entities or persons not party to this litigation.  This is relevant because Defendants have represented to this court that MJ does not meet the $500,000 threshold under the Fair Labor Standards Act ("FLSA") which is Plaintiff's basis for jurisdiction in this Court. [Docket Entry 68]. The financial statements, bank statements and full tax returns would allow Plaintiff to discover what monies actually flowed through MJ and whether these monies should be applied towards the $500,000 threshold.

Additionally, the witnesses for the Defendants have all claimed that there was no money to pay the Plaintiff for the work he performed.  However, if monies were paid out of MJ to third parties who loaned money to Defendants, but not to MJ, then this information could be used to refute the claim by Defendants that there was no money to pay Plaintiff.

Defendants previously submitted portions of the 2015 tax return for MJ but not the entire return and not for all the relevant years.

With respect to emails as referenced in category 2 above, Defendants have not provided all emails or evidence that any search was done.  As this court is aware from prior proceedings, Plaintiff produced, electronically, a folder of over 5,000 emails relating to his work with MJ.  However, Defendants have produced only a handful of emails.  They have clearly not fulfilled their obligation to identify all email addresses of the parties, produce all relevant emails from each of the identified addresses or, to have produced an affidavit or other evidence that a diligent search was made and what the results of that search yielded.

Based upon the above it is respectfully requested that Your Honor schedule a telephonic or video conference to address the subject raised herein.

**Application Granted.**
Defendant is directed to produce the requested documents by February 5, 2021. A telephonic post-discovery status conference will be held on February 25, 2021 at 3:00 p.m. Parties should call 866-390-1828 and enter 1582687 as the access code.
**SO ORDERED.**

_____
Ona T. Wang                1/22/2021
U.S. Magistrate Judge

Respectfully submitted,
The Dweck Law Firm, LLP

*s/ HP Sean Dweck*
H.P. Sean Dweck

the deposition of Rady he testified that Rady would have that information and not him.  So, one of them, or both, are lying.  Directing the production of the documents sought herein could help, at least in part, to unveil the truth.