UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
RALPH COMPAGNONE,                                             :
:
                            Plaintiff,         :    18-CV-6227 (ALC) (OTW)
:
     -against-                                              :    **ORDER**
:
MJ LICENSING COMPANY, et al.,                                 :
:
                           Defendants.        :
:
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff has sought case-terminating sanctions, and Defendants' state of mind is at issue, but the record before me is still as thin as Defendants' email production. *See CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488 (S.D.N.Y. 2016) (holding evidentiary hearing for sanctions motion where spoliation at issue hinged on party's intent). Perhaps unaware of their peril, Defendants' written submissions imply that no litigation hold was ever imposed, and that individual defendants Dash and Russo engaged in a "practice to delete emails relatively promptly in order to keep more space available on [their] devices," apparently throughout the pendency of this lawsuit. (ECF 101, Russo Decl. para. 3, ECF 102, Dash Decl. para 2.) An unsworn communication from Michael S. Austin[1] attached to Mr. Russo's Declaration also suggests that all of Defendant MJ Licensing's pre-2017 ESI was lost and not preserved, and is silent as to the existence of any backups when MJ Licensing apparently transitioned servers from "wiredtree" to XMLA at some time between February 2017 and April 9, 2021. (ECF 101 at 4.) Further, Russo

---

[1] Michael S. Austin is identified on Plaintiff's Initial Disclosures, dated June 28, 201[9], as an individual likely to have knowledge or information about the claims at issue. *See* ECF 94-4 at 3.

indicates that Margaretha Rady[2] has been "confined to a medical facility for health reasons since Thanksgiving 2020" and thus no search of Ms. Rady's personal or MJ Licensing email accounts was timely conducted (or conducted at all). (ECF 101 at 2). Finally, to the extent that Defendants suggest that a "search" for emails was conducted, they appear to have limited their search only to emails that included Plaintiff. (ECF 101 at 1).

Significant factual gaps still exist in the following areas:

- Was a litigation hold ever imposed, and if so, when?

- Were reasonable steps taken to avoid the loss of ESI?

- Whether the missing ESI – here, emails and communications between and among Defendants – could be restored, replaced, or obtained through another source.

- When XMLA began hosting services for MJ Licensing, and any and all efforts by Defendants and/or XMLA to preserve and/or restore Defendants' ESI.

The Court cannot decide Plaintiff's pending sanctions motion on such a threadbare record. Accordingly, the Court will hold an evidentiary hearing on **August 9, 2022, at 3:00 p.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007.

---

[2] Margaretha Rady is identified on Plaintiff's and Defendants' Initial Disclosures, dated June 28, 201[9], and July 10, 2019, as an individual likely to have knowledge or information about the claims at issue. *See* ECF 94-4 at 3, ECF 94-5 at 1.

Defendants are directed to submit sworn statements filling in the factual gaps in the record by **July 29, 2022**. On the same date, the parties are directed to file a joint status letter identifying the witnesses who will be testifying at the evidentiary hearing.

**SO ORDERED.**

Dated: July 13, 2022  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge